UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL BLANCHARD, by his parents, CHERYL BLANCHARD and JERRY BLANCHARD; CHERYL BLANCHARD and JERRY BLANCHARD,<br><br>Plaintiffs,<br><br>v.<br><br>MORTON SCHOOL DISTRICT; JOHN FLAHERTY; JOSH BROOKS; DAVE CRAYK,<br><br>Defendants. | Case No. C06-5166 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |

This matter comes before the Court on a Fed. R. Civ. P. 12(b)(6) motion of Defendants (collectively referred to as the "District") to dismiss Plaintiffs' complaint in its entirety. The District asserts that the complaint has not been properly served on any individual defendants, includes claims that are time-barred and sets forth claims that fail to state a cause of action. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the Plaintiffs' complaint for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

ORDER - 1

Cheryl and Jerry Blanchard's minor son, Daniel Blanchard is autistic. Daniel receives special education services from the Morton School District. Dissatisfied with these services, the Blanchards requested a due process hearing under the Individuals with Disabilities Education Act (IDEA). A hearing was held and on March 2, 2006, the Administrative Law Judge (ALJ) entered and mailed to the Blanchards a decision completely dismissing the claim, holding that (1) the District provided Daniel Blanchard with a free, appropriate public education; and (2) there was no evidence that the District was deliberately indifferent to Daniel Blanchard.

The present action was filed on March 29, 2006.[1] The Morton School District was served on July 11, 2006. None of the individual named defendants have been personally served.

The Blanchards' complaint alleges the following causes of action:

1. Judicial review and reversal of order of the ALJ pursuant to the IDEA.

2. Imposition of liability upon District and individual defendants for violations of the IDEA

3. Imposition of liability upon District and individual defendants for violations of the Americans with Disabilities Act (ADA).

4. Imposition of liability upon District and individual defendants for violations of the Rehabilitation Act of 1973.

5. Imposition of liability upon District and individual defendants for violations of 42 U.S.C. § 1985 through conspiracy to violate civil rights.

6. Imposition of liability upon District and individual defendants for negligent or intentional infliction of emotional distress.

7. Imposition of liability upon District and individual defendants for violations of 42

---

[1] On April 20, 2006, this Court dsismissed an earlier complaint filed by Cheryl Blanchard in which she sought damages under the IDEA, ADA, Rehabilitation Act and 42 U.S.C. § 1983 related to the District's provision of special education services. See, Blanchard v. Morton School Dist.,Slip Copy at 4, 2006 WL 1075222 (W.D. Wash.,2006).

ORDER - 2

U.S.C. § 1983 through denial of rights under IDEA and No Child Left Behind Act.

**RULE 12(b)(6) STANDARDS**

A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Edwards v. Marin Park, Inc</u>., 356 F.3d 1058, 1061 (9th Cir. 2004). In testing the sufficiency of a claim against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983). The court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752 (9th Cir. 1994). A claim may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept</u>., 901 F.2d 696, 699 (9th Cir. 1990). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. <u>De Le Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978). Also, the pleadings of pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers." <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980).

**JURISDICTION OVER INDIVIDUAL DEFENDANTS**

The individual Defendants seek dismissal on the basis of ineffective service of process. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." <u>In re Focus Media</u>, 387 F.3d 1077, 1081 (9th Cir. 2004); <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986). Under Fed. R. Civ. P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Individual defendants must be served personally or by leaving a copy of the summons at

ORDER - 3

1  the house of his or her usual abode.  Fed. R. Civ. P. 4(e)(2); RCW 4.28.080(15).  The Plaintiffs did

2  neither, but simply attempted to serve the individuals through service on the School District.

3        Service under Rule 4 is "a flexible rule that should be liberally construed so long as a party

4  receives sufficient notice of the complaint."  Direct Mail Specialists, Inc. v. Eclat Computerized

5  Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  In order for the sufficient notice exception to apply,

6  there must be a justifiable excuse for the defect.  Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4.

7  (9th Cir. 1987).  The Blanchards' pro se status, alone, is not a justifiable excuse for the defect.  See,

8  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992).  Further, unless there is "substantial

9  compliance" with Rule 4, even actual notice will not provide personal jurisdiction.  Jackson v.

10  Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).  The attempted service does not amount to

11  substantial compliance.  A party is not permitted to create his own methods of compliance with the

12  required service rules.  See, Mason v. Genisco Technology Corp., 960 F.2d 849, 853 (9th Cir.

13  1992)(rejecting plaintiff's attempt to create it's own method of compliance with the waiver of service

14  rules by claiming service by mail, with did not follow the federal procedure of requiring an

15  acknowledgment, was nonetheless sufficient service).

16        The claims against the individual Defendants are subject to dismissal for lack of personal

17  jurisdiction.

## INDIVIDUAL LIABILITY

19        An additional basis for dismissal of the complaint against the individual defendants is that

20  these defendants may not be sued in their individual capacities under the ADA, the Rehabilitation Act

21  or the IDEA because these statutes do not provide for individual liability.  See, Blanchard v. Morton

22  School Dist.,Slip Copy at 4, 2006 WL 1075222 (W.D. Wash.,2006); C.O. v. Portland Public

23  Schools, 406 F. Supp.2d 1157, 1172 (D. Or. 2005); Becker v. Oregon, 170 F. Supp.2d 1061,

24  1066-67 (D. Or. 2001); Grzan v. Charter Hosp. of Northwest Ind., 104 F.3d 116, 120 (7th Cir.

25  1997).  Nor can a plaintiff bring an action under 42 U.S.C. § 1983 against a public official in his or

26  ORDER - 4

her individual capacity to vindicate rights created by the ADA, the Rehabilitation Act or the IDEA. Blanchard, Slip Copy at 4; Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

### JUDICIAL REVIEW OF IDEA ADMINISTRATIVE DECISION

The District seeks dismissal of the cause of action for review of the IDEA due process hearing on the basis of lack of standing and/or the time-bar for commencing review.

Although the Court of Appeals for the Ninth Circuit has not addressed the issue of whether non-attorney parents are allowed to represent a minor in federal court pursuant to a claim for judicial review of an IDEA administrative determination, this Court, following the analysis of Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 227 (3rd Cir. 1998), has held that the parents are not the real parties in interest in an IDEA proceeding. Blanchard v. Morton School Dist., Slip Copy at 3, 2006 WL 1075222 (W.D. Wash.,2006). The Third Circuit in Collinsgru, held non-attorney parents cannot represent their minor children in IDEA civil actions. Accord, Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-25 (2nd Cir. 1998); Cavanaugh v. Cardinal Local Sch. Dist., 409 F.3d 753 (6th Cir. 2005), Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001); Devine v. Indian River County Sch. Board, 121 F.3d 576, 582 (11th Cir. 1997); C.O. v. Portland Public Schools, 406 F. Supp.2d 1157, 1168-69 (D. Or. 2005).

In accordance with this Court's previous Order and Collinsgru, the Blanchards cannot bring a pro se civil action for review of the IDEA administrative decision.

Additionally, review of the due process determination is time-barred. Under the IDEA, an aggrieved party has 90 days from the date of the administrative decision to bring a civil action. 20 U.S.C. § 1415(i)(2)(B). The Blanchards filed their complaint on March, 23, 2006. This was within the 90 day statute of limitations. However, the District was not served with the summons and complaint until July 11, 2006. Under Washington law, where service is not accomplished within 90 days of filing of the complaint, the action is deemed commenced on the date of service. RCW 4.16.170. Since July 11, 2006 is more than 90 days from the date of the due process determination,

ORDER - 5

March 2, 2006, review of the IDEA administrative decision is time-barred.

## DAMAGE CLAIMS UNDER THE IDEA, ADA AND REHABILITATION ACT

The District seeks dismissal of the damages claims of the Blanchards under the IDEA, ADA and Rehabilitation Act as not cognizable under the respective statutes.

In <u>Blanchard v. Morton School Dist</u>., 420 F.3d 918, 921 (9th Cir. 2005) the court noted that the remedies available under the IDEA are for educational services for disabled children. Money damages for retrospective and non-educational injuries are not available under the IDEA. The same is true under the ADA and Rehabilitation Act. The remedies for violations of the ADA and the Rehabilitation Act are co-extensive with each other. <u>C.O. v. Portland Public Schools</u>, 406 F. Supp.2d 1157, 1162 (D. Or. 2005). The plaintiff must be a "qualified person with a disability" and the remedies are limited to expenses expended to secure services covered by the ADA and Rehabilitation Act. <u>Blanchard v. Morton School Dist</u>., Slip Copy, 2006 WL 1075222 (W.D. Wash. 2006). Neither Cheryl or Jerry Blanchard are qualified persons with a disability, nor or they permitted to represent their disabled child in this action. The causes of action for damages under the IDEA, ADA and Rehabilitation Act are subject to dismissal. See, <u>Blanchard</u>, Slip Copy, at 3; <u>C.O. v. Portland Public Schools</u>, at 1169.

## SECTIONS 1983 AND 1985 CIVIL RIGHTS ACTIONS

The District seeks dismissal of the civil rights claims on the basis Plaintiffs can prove no set of facts in support of a claim of which would entitle them to relief pursuant to 42 U.S.C. §§ 1983 and 1985.

As this Court previously held in <u>Blanchard v. Morton School Dist</u>., Slip Copy at 3, 2006 WL 1075222 (W.D. Wash., 2006), the parents of a disabled child have no individually enforceable right under the IDEA, ADA or the Rehabilitation Act to support a claim for damages under § 1983. Additionally, the No Child Left Behind Act does not create individual rights enforceable under 42 U.S.C. § 1983. <u>Association of Community Organizations for Reform Now v. New York</u>, 269 F.

ORDER - 6

1  Supp.2d 338 (S.D. N.Y. 2003).

2  The corollary is true for § 1985. There can be no conspiracy to interfere with a nonexistent
3  right. Further, § 1985 proscribes conspiracies that interfere with state or federal judicial
4  proceedings. Kush v. Rutledge, 460 U.S. 719, 724 (1983). On its face, § 1985 applies to
5  proceedings in court, not to administrative proceedings. Courts have held that interference with or
6  obstruction of administrative proceedings is not redressable under § 1985. See, C.O. v. Portland
7  Public Schools, 406 F. Supp.2d 1157, 1162 (D. Or. 2005); Deubert v. Gulf Federal Savings Bank,
8  820 F.2d 754 (5th Cir. 1987); Soltani v. Smith, 812 F. Supp. 1280 (D. N.H.1993).

9  The Blanchards have no cognizable §§ 1983 and 1985 cause of action.

10 **NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

11  The District seeks dismissal of the state law claims of negligent or intentional
12  infliction of emotional distress for failure of the Blanchards to comply with Washington's claim filing
13  statute.

14  RCW 4.96.020 requires that before a plaintiff may file a lawsuit against a local governmental
15  entity, the plaintiff must file a claim with the governmental entity. Castro v. Sapwood School Dist.
16  No. 401, 151 We.2d 221, 86 P.3d 1166 (2004). Failure to comply with the claim filing requirements
17  requires dismissal of the action. Atkins v. The Bremerton School Dist., 393 F.Supp.2d 1065 (W.D.
18  Wash. 2005)(state law claims for defamation and intentional infliction of emotional distress dismissed
19  for failure to file claim with school district).

20  The Blanchards did not file a notice of claim with the District prior to bringing this lawsuit.
21  The state law claims for negligent and intentional infliction of emotional distress are subject to
22  dismissal.

23

24  **CONCLUSION**

25  For the reasons stated above, all causes of action asserted by the Blanchards are subject to
26  ORDER - 7

dismissal for failure to state a claim.  As a matter of law Plaintiffs' claims lack of a cognizable legal theory or there are insufficient facts alleged under a cognizable legal theory.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b) [Dkt. #25] is **GRANTED**, and Plaintiffs' Civil Complaint dismissed in its entirety.

DATED this 23rd day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8