UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL BLANCHARD, by his parents, CHERYL BLANCHARD and JERRY BLANCHARD; CHERYL BLANCHARD and JERRY BLANCHARD,<br><br>Plaintiffs,<br><br>v.<br><br>MORTON SCHOOL DISTRICT; JOHN FLAHERTY; JOSH BROOKS; DAVE CRAYK,<br><br>Defendants. | Case No. C06-5166 FDB<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL |

Plaintiffs have filed an application to proceed *in forma pauperis* on appeal of the above-entitled matter. A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Plaintiffs have submitted an affidavit detailing monthly income of $1,700 and expenses of $1,643. It is evident from this documentation that an inability to pay expenses required to proceed with this action as not been established. Plaintiffs' motion for leave to proceed *in forma pauperis* on appeal will be denied.

Plaintiffs also move for appointment of counsel on appeal. Generally, there is no

ORDER - 1

constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

Plaintiffs have demonstrated an adequate ability to articulate the claims *pro se.* Moreover, Plaintiffs have not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiffs' motion for appointment of counsel will be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED:

1. Plaintiffs' application to proceed in forma pauperis [Dkt. #40] is **DENIED.**

2. Plaintiff' motion for appointment of counsel on appeal [Dkt. #42] is **DENIED**.

DATED this 6th day of September, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2