**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DANIEL BLANCHARD, by his parents, CHERYL BLANCHARD and JERRY BLANCHARD; CHERYL BLANCHARD and JERRY BLANCHARD,<br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MORTON SCHOOL DISTRICT; JOHN FLAHERTY; JOSH BROOKS; DAVE CRAYK,<br>　　　　　　　　Defendants. | **Case No.** C06-5166JKA<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

　　　　This matter comes before the court on Defendant's Motion for Summary Judgment. The court has reviewed and considered all materials submitted in support of and in response to said motion, as well as the files and records herein. Specifically, and over the objection of the defendant, the court has considered all materials submitted in response to the motion for summary judgment.

　　　　Following remand from the Ninth Circuit, three claims are scheduled for trial in this matter. They are: (a) review of the IDEA Administrative Decision; (b) claim under Section 504 of the Rehabilitation act; and (c) claim under Title II of the Americans with Disabilities Act.

　　　　Defendants first raise the issue of party(ies) plaintiff. The plaintiffs appear pro se, staging Daniel Blanchard, a minor, to be without legal representation. This is contrary to *Johns v. County of San Diego,* 114 F.3rd 876, and ordinarily would be a matter of primary concern to the court.

Order - 1

Plaintiff suggests that appointment of counsel for Daniel would be appropriate. A review of the record, however substantiates defendants' position that the bases for recovery by plaintiff Cheryl Blanchard are identical to those of her son, Daniel, and that the appointment of counsel is not necessary.

The court has reviewed carefully the Statement of Uncontested Facts as posed by defendants on pages 2-3 of their motion. To the extent that plaintiff attempts to supplement the "uncontested facts" for purposes of this motion, the proposed additions are in the nature of argument or legal conclusions and not "facts." For purposes of this motion, the court accepts the defendants' proposed Statement of Uncontested Facts.

This is a sad case of parental advocacy to assert rights on behalf of their son Daniel who suffers from autism and other severe limitations. Plaintiffs' claims arise out of the Morton School District's selection of Ella Allen as an educational assistant to work with plaintiff Daniel Blanchard. The claims were dismissed by an Administrative Law Judge following a due process hearing under the Individuals with Disabilities Education Act (IDEA). This action followed. Plaintiffs' claims were dismissed by the Honorable Franklin D. Burgess on defendants' motion pursuant to FRCP 12(b)(6). On appeal to the Ninth Circuit the matter was affirmed in part and reversed in part. The appellate court ruled that the plaintiff's claim to review the IDEA hearing was not time-barred, and that plaintiff Cheryl Blanchard could pursue relief under Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), and Title II of the Americans with Disabilities Act, 29 U.S.C. 12132, insofar as she asserts and seeks to enforce the rights of her son and incurring expenses for his benefit.

In reviewing the IDEA decision the court first recognizes that the burden of proof is on the party challenging the decision, in this case the plaintiff. The issue before this court is whether or not the administrative record supports the Administrative Law Judge's determination that the IDEA was complied with, and that Daniel's educational needs have been appropriately addressed. See *Capistrano Unified School Distr. V. Wartenberg*, 59 F.3d 884 (9th Circuit 1995).

A review of the record substantiates that plaintiff's conspiracy allegations notwithstanding, the person plaintiff Cheryl Blanchard (Daniel's mother) hoped to have selected to be her son's educational assistant, Beth Byrd, would not have taken the job if offered it, and knew that if she applied for the job it would be given to her. There is no independent or objective evidence that

Order - 2

Ella Allen was an inadequate choice. Daniel was removed from the program by his parent after only 22 days of services provided by Ella Allen. All observing educators found the working relationship between Allen and Daniel satisfactory. The decision by the Administrative Law Judge easily meets the standard set forth in *Board of Education of Handpick Hudson Central School District, Westchester County V. Rowley*, 458 U.S. 176(1982) or the more recent standard set forth in *J.L. V. Mercer Island School District*, 2006 WL 3628033 (W.D. Wash. Dec. 8, 2006). There is no showing by a preponderance of the evidence that Daniel was denied a Free Appropriate Public Education given the challenges posed by his autism and related difficulties.

Both the Americans with Disabilities Act and the Rehabilitation Act require a showing of deliberate indifference. In order to meet that burden plaintiff must establish that (1) the defendants had knowledge from which an inference could b e drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001); *Toguchi v. Chung,* 391 F.3d 1051 (9th Cir. 2004). There is no evidence before the court that remotely reaches the level of deliberate indifference. Although negligence would be insufficient for recovery under either of these acts, the court finds no facts or inferences therefrom that would reach even that level of misconduct.

<u>Defendants' Motion for Summary Judgement is hereby Granted.</u>

Dated this 19th day of February 2008.

          */s/ J. Kelley Arnold*
          J. Kelley Arnold
          U.S. Magistrate Judge

Order - 3